UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH P. GASKIN,

Plaintiff,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_______________________________/

CIVIL ACTION NO. 06-12193

DISTRICT JUDGE AVERN COHN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

# REPORT AND RECOMMENDATION

## I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be granted and that plaintiff's cross-motion be denied.

## II. Background

On June 23, 2003, plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging that he was disabled due to low back pain arising from a work-related injury, with an onset date May 15, 2002. (Tr. 56-58, 66, 271-73) Plaintiff was 36 years of age when he filed the applications. He has a high school equivalence diploma (GED), with a work history including employment a cook, a mail handler, a laborer, a machine operator, and a press operator. (Tr. 17, 79-86, 97-110)

The Social Security Administration (SSA) denied plaintiff's applications on October 10, 2003. (Tr. 31-40, 282-86) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 41-44) The hearing was held on September 6, 2005 before ALJ Edward C. Graham. (Tr. 251-84) Plaintiff, represented by appointed counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On January 9, 2006, the ALJ issued a decision denying plaintiff's claim. (Tr. 13-22) The ALJ determined that plaintiff suffered from lumbar strain and that his impairment was "severe" withing the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), but that he did not have an impairment that met or medically equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. The ALJ further determined that plaintiff retained the ability to perform a range of "light" work and that there were a significant number of light jobs in the national economy that he could perform.[1] Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

---

[1]"Light" work is defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

On February 8, 2006, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 8-11) The Council denied the request on April 6, 2006. (Tr. 7-9) The ALJ's decision thus became the final determination of the Commissioner.

On June 22, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends that the ALJ erred in failing to accord any weight to his treating physician's opinion that he was totally disabled, that the ALJ ignored the medical evidence in the record and substituted his own medical judgment for that of the physicians of record, and that the ALJ erred in assessing his credibility. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). See also 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

> in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See also 42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate both DIB and SSI claims. 20 C.F.R. §§ 404.1520, 416.920. In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

Plaintiff objects to the ALJ's step-five determination that he retained the capacity to perform light work in spite of his severe back impairment. The ALJ's RFC determination is set forth below:

> The claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 4 hours in an 8-hour workday, sit 4 hours in an 8-hour workday with a sit/stand option, and occasional climbing, balancing, stooping, kneeling, crouching, and crawling.

(Tr. 22) At the administrative hearing, the ALJ posed a hypothetical question to the VE based upon this RFC determination. The VE testified that a person of plaintiff's age, education, and work history, with the limitations identified by the ALJ, could work at the light level as a gate tender and a cashier and that approximately 5,600 such jobs existed in southeast Michigan. (Tr. 301) The VE also testified that such a person could work at the sedentary level as a visual

surveillance monitor, an identification clerk, and a reception clerk, and that there were approximately 6,500 such jobs in southeastern Michigan. (Tr. 301-02)[2]

Plaintiff's treating physician, Dr. Richard Brown, opined that plaintiff was unable to work due to his back injury as of May, 2002. (Tr. 175, 177, 181, 184, 185, 190, 192, 194, 196, 199, 202) The ALJ declined to give any weight to Dr. Brown's disability statements. (Tr. 19) Plaintiff, invoking the "treating physician" rule, contends that the ALJ erred in rejecting Dr. Brown's opinion.

"In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997). Sections 404.1527(d)(2) and 416.927(d)(2) of the Social Security Regulations, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), provide that a treating source's opinion regarding the nature and severity of a claimant's condition is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. However, as suggested by the regulations, the ALJ is not bound by a treating physician's opinion if that opinion is not supported by sufficient clinical findings or is

[2]"Sedentary" work is defined in 20 C.F.R. §§ 404.1567, 416.967(a) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

inconsistent with other substantial evidence in the record.  See also Warner v. Commissioner of Social Sec., 375 F.3d 387, 390 (6th Cir. 2004)("Treating physicians' opinions are only given [controlling or substantial] deference when supported by objective medical evidence.").

An ALJ is not bound by a treating physician's statement that a claimant is "disabled" or "unable to work."  The regulations specifically provide that such a statement is not a "medical opinion" and is thus not entitled to any special deference.  20 C.F.R. § 404.1527(a)(2), (e)(1).  The question of whether a claimant is disabled is reserved entirely to the Commissioner.  20 C.F.R. § 404.1527(e)(1).  Thus, the ALJ was not bound by, or required to give any special weight to, Dr. Brown's statement that plaintiff was unable to work as of May, 2002.  See also, e.g., Hinds v. Barnhart, 2005 WL 1342766 (E.D.N.Y. 2005)("An ALJ is not required to give controlling weight to a treating physician's opinion that a claimant is disabled or unable to work.... Such an opinion is not a 'medical opinion' within the meaning of the [regulations]."). In any event, the ALJ acknowledged Dr. Brown's disability statements and reasonably rejected them on the ground that "they are not accompanied by any objective/clinical findings, they are inconsistent with this treatment notes showing normal neurological functioning and they regard an issue that is reserved to the Commissioner."  (Tr. 19)  The court finds no error in the ALJ's treatment of Dr. Brown's opinions.

Plaintiff also contends that the ALJ essentially ignored the medical evidence in the record and substituted his own judgment for that of the physicians of record.  The court disagrees.  As his opinion indicates, the ALJ conducted a thorough review of the evidence and set forth in detail the basis for his conclusion that plaintiff remained capable of performing light and

sedentary work. To be sure, there is evidence in the record from which a reasonable finder of fact could conclude that plaintiff is disabled. Plaintiff has a back impairment that might reasonably be expected to result in pain and limitations. He has exhibited range of motion limitations of the lumbar spine (Tr. 152, 159, 211, 260), an abnormal gait (Tr. 169, 210), positive straight leg raising (Tr. 139, 146, 149, 152 169, 171), muscle spasms of the lower back (Tr. 169, 175, 177, 190, 211, 260), and tenderness to palpitation (Tr. 146, 169, 177, 181, 190, 260). Plaintiff has had epidural steroidal injections in his lower back, has taken Vicodin, other analgesics, and muscle relaxers to alleviate pain, and there is some indication in the record that he uses or has used a cane to assist with ambulation. (Tr. 210) Further, MRIs have indicated the presence of a herniated disc (Tr. 139, 149), and an EMG test demonstrated "low-grade L4-5" nerve root irritability. (Tr. 150) This evidence is suggestive of a back impairment that might reasonably cause disabling pain and limitations.

     However, there is also evidence in the record that cuts against a finding of disability. Plaintiff has exhibited, at times, negative straight-leg raising (Tr. 210, 260), a completely normal gait (159, 172, 175, 177, 181, 184, 190), normal lower extremity strength and reflexes (Tr. 139, 146, 149, 152, 157, 159, 167, 169, 260), normal forward range of motion (Tr. 171), and the ability to heel-toe walk, rise from a squat, and get on and off an examination table without difficulty. (Tr. 151, 210) Further, neurological examinations have yielded largely normal results (Tr. 145-46, 159, 167, 175, 181, 247, 260), X-rays of the lumbar spine have shown no abnormalities (Tr. 200), and there is no evidence in the record of muscle atrophy, which, as the

ALJ noted, might be expected given the level of inactivity plaintiff reported (Tr. 20).[3] Dr. R.E. Olson, a neurologist who examined plaintiff on September 4, 2002, reviewed an MRI taken of plaintiff's lumbar spine and disagreed that it showed a herniated disc. (Tr. 172) Rather, he opined that plaintiff was merely suffering from a bulging disc. Id. This evidence could lead a reasonable finder of fact to conclude that plaintiff's condition was not so severe as to preclude all employment.

Given this state of the record, the court cannot say that the ALJ erred in concluding that plaintiff was not disabled. It is the role of the ALJ, not the court, to weigh the evidence and resolve any conflicts therein. See Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)("Our role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony. Instead, we focus on whether substantial evidence supports the Commissioner's decision..."). Contrary to plaintiff's assertions, the ALJ did not ignore the findings and conclusions of the physicians of record. Rather, faced with conflicting evidence regarding the nature and severity of plaintiff's condition, the ALJ thoroughly reviewed the record and reasonably resolved the conflicts in the evidence in determining that plaintiff remained capable of performing light and sedentary work. With respect to the question of plaintiff's credibility, if his testimony regarding the extent of his limitations was given full credit, a finding that he is disabled would certainly be warranted. However, the ALJ concluded that plaintiff's testimony was not entirely credible and adequately explained the basis for his

---

[3]Plaintiff reported that he spent the majority of every day laying down to alleviate pain, that he did not shop, do household chores, cook, or drive, and that he did not otherwise engage in any activities involving any amount of physical exertion. (Tr. 87, 293-300)

credibility determination. (Tr. 19-20) ALJ credibility determinations are entitled to substantial deference, and the court finds no basis in the record to disturb that determination. Walters, 127 F.3d at 531.

Having concluded that the ALJ reasonably weighed the evidence in the record, the court further concludes that the hypothetical question he posed to the VE provided an accurate description of the nature and extent of plaintiff's impairments and abilities. In response thereto, the VE identified a substantial number of both light and sedentary jobs that a person with plaintiff's vocational profile and RFC could perform. Where an ALJ poses an accurate hypothetical, and the VE testifies that a person with the described limitations is capable of performing work that exists in significant numbers in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). The VE's testimony in this matter was based upon an accurate hypothetical and therefore constitutes substantial evidence in support of the ALJ's disability determination.

## V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion be **GRANTED**, that plaintiff' cross-motion be **DENIED**, and that a judgment be entered in favor of the Commissioner.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/VIRGINIA M. MORGAN
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: September 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 28, 2006.

s/Kendra Byrd
Case Manager to

Magistrate Judge Virginia M. Morgan